UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN BRAD ROBINSON,      )
          Petitioner,    )
                       )     No. 1:11-cv-698
-v-                   )
                       )     HONORABLE PAUL L. MALONEY
CINDI CURTIN,          )
          Respondent.   )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS AND DENYING CERTIFICATE OF APPEALABILITY

On July 5, 2011, state prisoner Martin Brad Robinson filed a habeas corpus petition in this court pursuant to 28 U.S.C. § 2254. On the court's preliminary review of the petition, Magistrate Judge Scoville issued a Report and Recommendation (ECF No. 5) that Robinson's petition be dismissed as barred by the statute of limitations. Before the court today is Robinson's timely objection to the Report and Recommendation. (ECF No. 8.)

I.     STANDARD OF REVIEW

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*,

431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## II.   DISCUSSION

Robinson's objection argues that he is entitled to equitable tolling of the statute of limitations for two reasons.  First, he claims that his trial and appellate counsel provided ineffective assistance, which prevented him from raising his issue (improperly admitted hearsay evidence) within the limitations period.  This appears to be a re-hash of the argument properly rejected by the magistrate judge.  As the R&R notes, Robinson provides no reason for his fifteen-year delay in filing this suit and fails to demonstrate his diligence in pursuing his rights.  Robinson's objection cures neither failure, and his objection is therefore OVERRULED.

Second, Robinson argues that the two judgments sentencing him are both void—the second-degree murder sentence having been vacated, and the habitual-offender sentence not having been signed and sealed—rendering them, and Robinson's prior appeals, void and therefore tolling the limitations period.  This ground was not raised before the magistrate judge or in Robinson's § 2254 petition, and it is arguably waived on that basis.  *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."). *But see Moore v. Prevo*, 379 Fed. App'x 425, 428 n.6 (6th Cir. 2010) (construing presentation of new claims in objection to R&R, where R&R was sua sponte response to pro se plaintiff's complaint, as implicit request for leave to amend).  In any case, this argument fails on the merits. To equitably toll the statute of limitations, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quotation marks omitted) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Robinson's argument addresses neither prong.  To the

2

extent there was error in the trial court's judgment, this was an issue that Robinson should have raised on appeal or in a timely habeas petition. Simply arguing that his prior appeals are void does not excuse Robinson's fifteen-year delay in bringing this petition, and it provides no reason for this court to equitably toll the statute of limitations. This objection is therefore OVERRULED.

## III.   CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Rules Governing Section 2254 Cases, a court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

Having reviewed the record, the court declines to issue a certificate of appealability. Reasonable jurists would agree that Mr. Robinson's petition is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1) and that he is not entitled to equitable tolling of the limitations period.

## **ORDER**

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

1.    The report and recommendation (ECF No. 5) is **ADOPTED**, over objections, as the opinion

of this court;

2.    Plaintiff's petition for habeas corpus under 28 U.S.C. § 2254 is **DENIED**; and

3.    A certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**


Date:   December 5, 2011                          /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 Chief United States District Judge